United States District Court
Southern District of Texas
**ENTERED**
November 19, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MAHESH PATEL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:21-CV-1838 |
| | § | |
| VANIE D. HOUSTON, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the Court[1] is Plaintiff's Motion to Remand the case to the Justice of the Peace Court of Harris County, Texas. (Dkt. No. 6.) Defendant failed to respond to the motion. Based on a thorough review of the motion, record, and relevant law, the Court **RECOMMENDS** Plaintiff's Motion to Remand be **GRANTED**.

### I.    BACKGROUND

Plaintiff Mahesh Patel ("Plaintiff") filed this forcible entry and detainer action against Defendant Vanie D. Houston ("Defendant") on April 23, 2021 in the Justice of the Peace Court of Harris County, Texas, Precinct 1, Place 2 seeking to evict Defendant from property located at 303 E. 2nd Street, Houston, TX 77007. (*Id.* at 1.) The property was previously owned by Defendant but recovered by Main Street Acquisition Corp. ("Main Street") in a 2012 judgment and subsequently purchased by Plaintiff at a Constable's Sale on January 3, 2017. (*Id.* at 9–11.) Plaintiff sent Defendant a Notice to Vacate the property on April 15, 2021, but Defendant refused. (*Id.* at 2, 12–13.)[2] Plaintiff then filed this action. (*Id.* at 2.)

---

[1] On July 7, 2021, the case was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure 72. (Dkt. No. 4.)

[2] Defendant disputes the judgment awarding the property to Main Street. (Dkt. No. 14.)

Defendant, who is proceeding *pro se*,[3] removed the action to the Southern District of Texas on June 7, 2021 and named Main Street, two state court judges, and others as additional parties in this action ("Additional Parties"). (Dkt. No. 1.) However, Defendant failed to assert any facts, claims, or causes of action against Additional Parties, attaching only her 2001 Warranty Deed for the property without further explanation. (*Id.* at 3.)[4] Plaintiff filed his Motion to Remand on August 17, 2021, arguing the Court lacks both diversity and federal question jurisdiction over the case. (Dkt. No. 6.)

The Court held an initial conference on August 26, 2021 and instructed Defendant to respond to Plaintiff's Motion to Remand. (Dkt. No. 13.) Defendant subsequently filed a Motion to Stay the case for thirty days "[d]ue to unforeseen event[s] occurring to disrupt active pursuit of [her] claim." (Dkt. No. 15 at 2.) The Court denied the Motion to Stay but granted Defendant an extension of time—until September 28, 2021—to respond to Plaintiff's motion and warned that no further extensions would be given. (Dkt. No. 16.) Defendant failed to file a response. For the reasons described below, the Court finds that it lacks subject-matter jurisdiction and thus recommends the case be remanded.

## II. LEGAL STANDARDS FOR REMOVAL AND REMAND

"Federal courts are courts of limited jurisdiction" and their power cannot be expanded by judicial decree. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also*

---

[3] Gunny Thompson attempted to appear as an attorney and file documents on Defendant's behalf. (*See* Dkt. Nos. 8–10.) However, Mr. Thompson has not been admitted to practice law in this District. The Court will not consider any filings signed or prepared by Mr. Thompson.

[4] The Court is unable to decipher whether Defendant seeks to hold Additional Parties liable for Plaintiff's claims as third-party defendants or whether Defendant seeks to assert her own claims against them. To the extent she seeks to name them as third-party defendants, this is addressed in the Court's analysis below. To the extent she seeks to assert her own claims against them, the Court lacks any basis to exercise subject-matter jurisdiction over those claims.

*Energy Mgmt. Servs., LLC v. City of Alexandria*, 739 F.3d 255, 257 (5th Cir. 2014). As a result, a defendant may remove a civil case from state to federal court only when the federal court maintains original subject-matter jurisdiction over the action, either through diversity or federal question jurisdiction. 28 U.S.C. § 1441(a); *Halmekangas v. State Farm Fire & Cas. Co.*, 603 F.3d 290, 294 (5th Cir. 2010). If original jurisdiction exists, the court may then exercise supplemental jurisdiction over state law claims. *Halmekangas*, 603 F.3d at 294–95; *see* 28 U.S.C. § 1367.

"The party seeking to remove bears the burden of showing that federal jurisdiction exists and that removal was proper." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013). "[B]ecause removing an action duly filed in state court raises federalism concerns, removal statutes are strictly construed against removal and in favor of remand." *Monzon v. Lowe's Cos., Inc.*, No. 16-CV-482, 2017 WL 10743000, at *2 (W.D. Tex. May 26, 2017); *see Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014). A party who believes a case has been improperly removed may seek to remand it to state court under 28 U.S.C. § 1447(c).

### III.  THE COURT LACKS SUBJECT-MATTER JURISDICTION

Defendant does not specify her basis for asserting this Court has original jurisdiction over the case. (*See* Dkt. No. 1 at 1.) Given that Defendant is *pro se*, the Court examines both federal question and diversity jurisdiction and finds that neither apply.

Federal courts have original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. "Federal question jurisdiction exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27–28 (1983)). "Generally, under the well-pleaded

complaint rule, a case does not arise under federal law, and thus is not removable[,] if the complaint does not affirmatively allege a federal claim and instead asserts only state law causes of action." *Alley Bros., LLC v. Krishnan*, No. 18-CV-258, 2018 WL 4630211, at *1 (E.D. Tex. June 11, 2018), *report and recommendation adopted*, 2018 WL 3599592 (July 27, 2018).

Here, Defendant fails to attach a copy of Plaintiff's complaint to the Notice of Removal. Plaintiff, however, represents that the removed action is a forcible detainer action and attaches an order dated August 17, 2021 granting him possession of the property.[5] "It is well settled that a forcible detainer action is a state law claim that provides no basis for federal question jurisdiction." *Id.* at *2 (collecting cases). This is because such actions generally attempt to obtain physical possession of property under state law and are properly heard by a "'justice court in the precinct in which the real property is located.'" *Fed. Nat'l Mortg. Ass'n v. Elliott*, No. 10-CV-1321, 2010 WL 4627833, at *3 (N.D. Tex. Nov. 16, 2010) (quoting TEX. PROP. CODE § 24.004). Any federal claims or defenses Defendant attempts to assert cannot be considered in this analysis. *See Stump v. Potts*, 322 F. App'x 379, 380 (5th Cir. 2009). Defendant fails to demonstrate the Court has federal question jurisdiction over this forcible detainer action.

Federal courts also have original jurisdiction over civil actions between citizens of different states that involve an amount in controversy over $75,000. 28 U.S.C. § 1332. For such jurisdiction to exist, there must be complete diversity among the parties in that "all persons on one side of the controversy [must] be citizens of different states than all persons on the other side." *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (quotations omitted). In other words, "no

---

[5] This sufficiently allows the Court to determine whether federal question jurisdiction exists. *See Bank of N.Y. Mellon Tr. Co. v. De La Fuente*, No. 14-CV-3627, 2014 WL 6901794, at *4 (N.D. Tex. Dec. 8, 2014) (analyzing the well-pleaded complaint rule based on civil cover sheet and representations by plaintiff when defendant failed to attach complaint to notice of removal).

plaintiff and no defendant may be citizens of the same state." *Krishnan*, 2018 WL 4630211, at *2. Third-party defendants, however, are not defendants against the original plaintiff and thus the "joinder of a third-party defendant whose citizenship is the same as the plaintiff's does not defeat diversity jurisdiction." *Smith v. New S. Fed. Sav. Bank*, No. 02-CV-680, 2002 WL 1880700, at *1 (E.D. La. Aug. 15, 2002).

Here, the citizenship of Plaintiff and Defendant is not evident. Defendant fails to include any relevant information in the Notice of Removal or in any other filings the Court can consider. (*See* Dkt. No. 1.) Plaintiff also fails to include citizenship information in the Motion to Remand other than his assertion that Additional Parties are citizens of Texas. (Dkt. No. 6 at 5.) However, assuming Additional Parties are third-party defendants, their citizenship cannot defeat diversity and thus is not relevant in the Court's analysis.[6] Defendant fails to demonstrate complete diversity exists. *See, e.g.*, *HSBC Bank USA Nat'l Ass'n v. Vaughan*, No. 13-CV-736, 2014 WL 125938, at *2 (S.D. Tex. Jan. 8, 2014) (finding defendant failed to satisfy burden to show diversity jurisdiction after removal of forcible detainer action because he failed to identify plaintiff's citizenship).

The amount in controversy is also not evident. "Where the plaintiff has failed to make a specific monetary demand or it is not facially apparent that the amount in controversy is above $75,000, the defendant bears the burden to prove by a preponderance of [the] evidence that the amount in controversy exceeds the jurisdictional amount." *Id.* The amount in controversy for a forcible detainer action is the value of the right to occupy or possess the property as measured by annual rental value. *See Krishnan*, 2018 WL 4630211, at *2; *Vaughan*, 2014 WL 125938, at *2. Defendant fails to provide the Court with a copy of Plaintiff's complaint or identify the amount in

---

[6] Again, to the extent Defendant seeks to assert her own claims against Additional Parties, the Court cannot exercise jurisdiction over those claims because the Notice of Removal is completely devoid of allegations or information. *See supra* note 4.

controversy in any document the Court can consider. Defendant fails to demonstrate the amount in controversy exceeds $75,000. *See, e.g.*, *Bank of N.Y. Mellon Tr. Co. v. De La Fuente*, No. 14-CV-3627, 2014 WL 6901794, at *3 (N.D. Tex. Dec. 8, 2014) (finding defendant failed to satisfy burden to show diversity jurisdiction after removal of forcible detainer action because he failed to identify or prove the value of the right to occupy the property at issue).

Defendant has failed to demonstrate the Court has diversity or federal question jurisdiction over this action. The case should be remanded for lack of subject-matter jurisdiction.

### IV.   CONCLUSION

Based on the foregoing, the Court **RECOMMENDS** Plaintiff's Motion to Remand (Dkt. No. 6) be **GRANTED** and the case be remanded to the Justice of the Peace Court of Harris County, Texas, Precinct 1, Place 2.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the Undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas on November 19, 2021.

Sam S. Sheldon
United States Magistrate Judge