United States District Court
Southern District of Texas
**ENTERED**
February 07, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MAHESH PATEL, | § | CIVIL ACTION NO. |
| Plaintiff, | § | 4:21-CV-01838 |
| | § | |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| VANIE D. HOUSTON, | § | |
| Defendant. | § | |

ORDER ADOPTING
MEMORANDUM AND RECOMMENDATION

Plaintiff Mahesh Patel brought this forcible entry and detainer action in Texas state court. Dkt 6 at 1. Defendant Vanie D. Houston proceeds *pro se* and removed. Dkt 1. The matter was referred to Magistrate Judge Sam Sheldon for full pretrial management pursuant to 28 USC § 636(b)(1)(A) & (B) and Rule 72 of the Federal Rules of Civil Procedure. Dkt 4.

Patel moved to remand. Dkt 6. Judge Sheldon held the initial conference on August 26, 2021. He there admonished Houston to respond to the remand motion in a timely manner. Dkt 13. Houston instead filed an emergency motion for a thirty-day stay of proceedings. Dkt 15. Judge Sheldon granted that motion in part and denied it in part, ordering Houston to respond to the remand motion by September 28, 2021, with a warning that "no further extension shall be granted." Dkt 16. Houston filed no response. Dkt 18 at 2.

Judge Sheldon issued a Memorandum and Recommendation on November 19, 2021. He recommended that the motion by Patel to remand be granted for lack of subject matter jurisdiction. Dkt 18. Houston filed objections. Dkt 19.

The district court conducts a *de novo* review of those conclusions of a magistrate judge to which a party has specifically objected. See 28 USC § 636(b)(1)(C); *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989). To accept any other portions to which there is no objection, the reviewing court need only satisfy itself that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d 1415, 1420 (5th Cir 1996); see also FRCP 72(b) advisory committee note (1983).

As noted, Houston is a *pro se* litigant. "It is well-established that *pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Taylor v Books A Million Inc*, 296 F3d 376, 378 (5th Cir 2002) (quotation marks and citation omitted). This accords with Rule 8 of the Federal Rules of Civil Procedure, which states, "Pleadings must be construed so as to do justice." But the Supreme Court has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v United States*, 508 US 106, 113 (1993); *West v Adecco Employment Agency*, 124 F Appx 991, 992 (6th Cir 2005). Indeed, *pro se* parties must know their legal rights and follow basic procedural rules. For example, see *Brackens v Stericycle Inc*, 829 F Appx 17, 20 (5th Cir 2020); *Boswell*, 138 F Supp 2d at 786; *Washington v Jackson State University*, 532 F Supp 2d 804, 809 (SD Miss 2006). In other words, *pro se* litigants won't receive special treatment beyond their pleadings. For example, see *Boswell*, 138 F Supp 2d at 785; *Doss v Helpenstell*, 2014 WL 12756826, *2 (WD Tex); *Berry*, 489 F Supp 3d at 447; *Washington*, 532 F Supp 2d at 809.

Houston was admonished to respond to the motion to remand in a timely manner and received an extension of time to file. She didn't respond. What's more, she cites no reason for this failure in her objections. Such disregard for easily ascertainable court deadlines will not be excused simply because of her *pro se* status.

The Court has reviewed the pertinent portions of the recommendation by Judge Sheldon *de novo*. It's correct on the merits. The Court has otherwise reviewed the pleadings, the record, the applicable law, and the recommendation. No clear error appears.

The Memorandum and Recommendation by the Magistrate Judge is ADOPTED as the Memorandum and Order of this Court. Dkt 18.

The objections by Defendant Vanie D. Houston are OVERRULED. Dkt 19.

The motion by Plaintiff Mahesh Patel to remand is GRANTED. Dkt 6.

This action is REMANDED to the Justice of the Peace Court of Harris County, Texas, Precinct 1, Place 2.

The Clerk of Court is ORDERED to provide a copy of this order to the District Clerk for Harris County, Texas.

SO ORDERED.

Signed on February 7, 2022, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge